IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMANTHA M. BURKHART                                              PLAINTIFF

v.                              CIVIL NO. 22-5081

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                    DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Samantha M. Burkhart, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on January 17, 2020, alleging an inability to work since April 26, 2012,[1] due to post-traumatic stress disorder, chronic abdominal pain from adhesions, night terrors, mood swings, hallucinations, violent and explosive disorder, psychosis, anxiety, severe chronic depression, insomnia, high blood pressure and high cholesterol. (Tr. 72-73, 187). An administrative telephonic hearing was held on October 26, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 44-69).

---

[1] Plaintiff, through her counsel, amended her alleged onset date to July 31, 2017. (Tr. 18, 47).

By written decision dated November 19, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: major depressive disorder, post-traumatic stress disorder, bipolar disorder, impulse control disorder and persistent depressive disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to work that can be performed where interpersonal contact is incidental (e.g. assembly work), the tasks are no more complex than those learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a store laborer, a dining room attendant and an industrial cleaner. (Tr. 31).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 24, 2022. (Tr. 1-5).  Subsequently, Plaintiff filed this action.  (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 15, 16).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

**III.   Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 15). Plaintiff raises the following issues on appeal: A) The ALJ erred in failing to fully and fairly develop the record; B) The ALJ erred at Step Two of the sequential analysis; C) The ALJ erred at Step Three of the sequential analysis; D) The ALJ erred in his RFC determination; and E) The ALJ erred in his utilization of vocational expert testimony. *Id.* The Court will consider each of these arguments.

**A.     Duty to Develop the Record:**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but she must also show that she was

4

prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and should have required additional mental and physical consultative examinations. (ECF No. 15, p. 3).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. After reviewing the entire 1,368-page administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record includes treating physician records; five non-examining medical consultant opinions; physical exam reports; objective testing to include x-rays and MRIs and case analysis.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record.

5

Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination. Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that she was prejudiced by any perceived failure to develop the record.

      B.      **Step Two Analysis:**

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen*, 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "slight abnormalities that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert*, 482 U.S. 137, 155 (1987) (O'Connor, S., concurring); *see also Brown v. Bowen*, 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*); *See also Kirby v. Astrue*, 500 F.3d 705, 707-09 (8th Cir. 2007).

The ALJ determined Plaintiff had the severe impairments of major depressive disorder, post-traumatic stress disorder, bipolar disorder, impulse control disorder and persistent depressive disorder. (Tr. 20). The ALJ further found Plaintiff had non-severe impairments to include obesity, hypertension, hypoalbuminemia, degenerative disc disease of the cervical spine and a history of adhesions. (Tr. 21).

Plaintiff argues the ALJ erred by not finding additional severe impairments as it relates to her claim of obesity. (ECF No. 15, p. 3). Plaintiff also mentions that there was an "indication of musculoskeletal impairments including C5-6 DDD," but failed to address how the ALJ erred in analyzing Plaintiff's degenerative disc disease. (*Id.*).

6

With respect to Plaintiff's obesity, Plaintiff states the record revealed Plaintiff was formally diagnosed with obesity and that this was repeatedly mentioned in the medical evidence of record. (*Id*. at 4). The Eighth Circuit has held that "when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal." *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015). In the hearing decision, the ALJ discussed Plaintiff's obesity and found it to be a non-severe impairment. (Tr. 21). The ALJ also clearly stated he considered all of Plaintiff's medically determinable impairments, including those determined non-severe, when he assessed Plaintiff's RFC. (*Id*.). While the medical records indicate Plaintiff's treatment providers diagnosed her with obesity and that she should lose weight through exercise and a healthy diet, none of the providers imposed work-related limitations due to her obesity. *See Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004).

After reviewing the record as a whole, the Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

**C.     Step Three Analysis:**

To qualify for disability benefits at Step Three, Plaintiff must establish that her impairment meets or medically equals a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Additionally, to meet or equal a listing, Plaintiff must prove she meets all of the specific criteria. *See Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014).

Plaintiff claims the ALJ improperly found her alleged mental impairments did not medically equal the requirements of Listing 12.04 (depressive, bipolar, and related disorder), or 12.08 (personality and impulse-control disorders). (ECF No. 15, p. 4).

In order to establish that she met listing 12.08, Plaintiff would have to establish the criteria set out in both paragraphs A and B; and to establish that she met listings 12.04 she would have to

establish the criteria set out in either both paragraphs A and B or the requirements of both paragraphs A and C. *See* 20 C.F.R. pt. 404, subpt. P, Appendix 1, § 12.00.

Paragraph B of each listing provides the functional criteria to evaluate how mental impairments limit the claimant's mental functioning. To satisfy the paragraph B criteria, the claimant's mental impairment must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning: 1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage oneself. *See* 20 C.F.R. pt. 404, subpt. P, Appendix 1, § 12.00. To meet the paragraph C criteria, a claimant must show that she had a "serious and persistent" mental disorder – i.e. one that was medically documented and lasted for at least two years. Listing § 12.00(G)(2) (a-c).

Here, the ALJ focused on the "B" and "C" criteria of the Listings. The ALJ specifically found Plaintiff's mental impairments did not meet or medically equal any of these Listings because Plaintiff had mild limitations in understanding, remembering or applying information and adapting and managing oneself; and moderate limitations in interacting with others and concentrating, persisting or maintaining pace. (Tr. 22). Upon review, the Court finds no basis for reversal on this issue. The ALJ discussed at length his findings in support by discussing Plaintiff's relevant medical history, functioning and testimony. *Id*. In all four domains, the ALJ acknowledged Plaintiff had some level impairment, but not ever greater than a moderate limitation. The ALJ also found that the "C" criteria were not satisfied. (Tr. 15).

While Plaintiff further argues the ALJ's failure to discuss GAF scores while discussing the paragraph B criteria and later in the RFC analysis, other evidence of record discussed by the ALJ is inconsistent with a GAF score indicating serious limitations on the ability to function. *See Wright v. Astrue*, 489 Fed. Appx. 147, 149 (8th Cir. 2012) (failure to mention a claimant's GAF

score does not require reversal). Accordingly, the Court finds substantial evidence that supports the ALJ's determination that Plaintiff's mental impairments do not meet or medically equal the requirements of Listings 12.04 or 12.08.

### D. RFC Determination:

In this matter, the ALJ determined Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: work that can be performed where interpersonal contact is incidental; tasks are no more complex than those learned and performed by rote with few variables and little judgment; and supervision required is simple, direct, and concrete. (Tr. 23). Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 15, p. 5). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement

that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. While Plaintiff disagrees with the ALJ's reasoning when discussing the evidence, Plaintiff does not point to any evidence in the record that the ALJ should have considered, but failed to consider, in calculating Plaintiff's RFC. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 23-30). The ALJ addressed evidence that revealed Plaintiff was able to take care of her personal needs, perform light household chores, garden, drive, shop in stores, mow, weed-eat, fish and travel to see family and for leisure. The mere fact Plaintiff suffers from a number of impairments does not demonstrate she has more limitations than those found in the RFC assessment above. In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. *Id.* The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC. *Id*. The ALJ also noted Plaintiff had no physician-placed functional restrictions that would preclude work activity for Plaintiff's determined RFC. *See Hutton v. Apfel,* 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability).

Plaintiff has the burden of establishing her claimed RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

E.  **Utilization of Vocational Expert Testimony:**

Plaintiff argues that the vocational expert's testimony was not properly under oath. A review of the hearing transcript revealed Plaintiff and the vocational expert took the oath. (Tr. 47, 68). While the location of the indicator that the testimony of the oath was not listed at the beginning of the vocational expert's testimony, there is nothing in the record to indicate all testimony was not given under oath.

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true, and which were supported by the record as a whole. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a store laborer, a dining room attendant and an industrial cleaner during the time period in question. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

V.  **Conclusion:**

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice. **The parties have fourteen days from receipt of our**

**report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of June 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE